# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.B. and B.C.**

**No. 21-0629** (Kanawha County 20-JA-561 and 20-JA-562)

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's July 7, 2021, order terminating her parental rights to B.B. and B.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on behalf of the children also in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period or without imposing a less restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the children's respective fathers based upon allegations of petitioner's alcohol abuse as well as domestic violence with B.B.'s father. Following referrals of petitioner being found unconscious while the children were in her care, Child Protective Services ("CPS") workers intervened in August and September of 2020, and petitioner attended alcohol abuse treatment. During her interview with the worker, petitioner admitted that law enforcement officers had been to the home twice regarding domestic violence incidents with B.B.'s father. On October 19, 2020, law

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]J. Rudy Martin was substituted as counsel in place of Elizabeth G. Kavitz.

1

enforcement officers found petitioner unconscious and severely intoxicated, with the children unable to wake her. A worker interviewed petitioner's health care provider, who opined that petitioner suffered from alcohol induced psychosis as she admitted to seeing demons who were laughing at her.

At the preliminary hearing, the court ordered the DHHR to provide petitioner with remedial and reunification services, such as parenting and adult life skills classes, domestic violence classes, random alcohol and drug screens, and supervised visitations. In December of 2020, petitioner tested positive for tetrahydrocannabinol, and she missed several screens and parenting classes in January and February of 2021.

According to a DHHR court summary submitted in February of 2021, petitioner enrolled into a thirty-day inpatient alcohol abuse treatment program. The circuit court held an adjudicatory hearing the same month. Petitioner stipulated to alcohol abuse. The court accepted petitioner's stipulation and adjudicated her as an abusing parent. Further, the court ordered that petitioner continue with her inpatient alcohol abuse treatment program.

Prior to the dispositional hearing, the DHHR submitted a report stating that petitioner had stopped participating in services in April and May of 2021. Additionally, the guardian submitted a report recommending the termination of petitioner's parental rights, indicating that petitioner left inpatient substance abuse treatment and ceased contact with the DHHR and providers. In June of 2021, the circuit court held the final dispositional hearing, and petitioner failed to appear. Petitioner's counsel moved for the DHHR to supply a specialized medical card to cover additional inpatient alcohol abuse treatment. The DHHR objected, and the court denied the motion, finding that the DHHR had previously provided petitioner with all necessary documentation to enroll in an inpatient alcohol abuse treatment program but petitioner failed to stay in touch with her DHHR worker or providers. The ongoing DHHR worker testified that petitioner initially did well by complying with most services, but she ceased participating after she was released from substance abuse treatment on April 6, 2021. She explained that petitioner failed to stay in contact with her and had allegedly been hospitalized on several occasions throughout the case. The worker stated that petitioner was "in and out of substance abuse treatment programs" throughout the proceedings and continued to abuse alcohol. Testimony also established that petitioner failed to provide enough consecutive clean alcohol and drug screens to participate in supervised visitation with the children. The provider opined that petitioner had overall been noncompliant with services. Finally, a provider testified that petitioner had been inconsistent with classes during the proceedings and would often "disappear from contact."

After hearing testimony, the circuit court specifically stated that petitioner had made "excuse after excuse and she just has not made any improvements in this court's opinion." The court denied petitioner's motion for an improvement period, finding that she had not been compliant with court-ordered services. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and that termination was necessary for the

children's welfare. Petitioner appeals the circuit court's July 7, 2021, dispositional order terminating her parental rights.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period. According to petitioner, by the dispositional hearing in June of 2021, she had been participating in therapy for alcohol abuse since September of 2020, but her medical insurance would not cover the recommended inpatient alcohol abuse treatment. As such, she claims that the DHHR failed to supply her with additional insurance coverage to pay for the inpatient treatment.

In order to be granted an improvement period, the respondent parent must "demonstrate[], by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

At the outset, we note that petitioner does not argue on appeal that she met her burden of demonstrating that she was likely to fully participate in an improvement period. Rather, petitioner blames the DHHR for its alleged failure to provide her with additional insurance coverage and ignores her own shortfalls below. Contrary to petitioner's assertion that the DHHR denied her additional insurance coverage, the record shows that the DHHR worker testified that she did not work on the issue because petitioner ceased communication with her and the service providers. Therefore, the evidence was not that the DHHR refused or failed to accommodate petitioner's request for inpatient alcohol abuse treatment. Instead, the record supports the circuit court's finding that the DHHR made reasonable efforts to assist petitioner; that petitioner was in and out of various

---

[3]The respective fathers' parental rights were also terminated below. The permanency plan for the children is adoption by the same foster family.

alcohol abuse programs; and that she failed to comply with services, largely by failing to stay in contact with the DHHR. Accordingly, petitioner is entitled to no relief in this regard.

Likewise, the above evidence supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to follow through with services designed to reduce or prevent the abuse or neglect of the children. Petitioner failed to stay sober long enough to warrant supervised visitations with the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Petitioner's compliance with court-ordered services was sporadic at best, and she ignores her poor compliance and performance below, which was testified to by the DHHR worker and the provider. Accordingly, the circuit court found that petitioner made various excuses for her failure to comply with services and further found that petitioner had not improved during the pendency of the case. Under these circumstances, there was sufficient support for the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that she should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child[ren] will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Insomuch as petitioner argues that she was entitled to a less restrictive dispositional alternative because the children were placed with relatives, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner failed to remedy the conditions of abuse and neglect and, thus, termination of her parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022


**CONCURRED IN BY**:


Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment